IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| JORGE MELENDEZ, § | |
| § | |
| Plaintiff, § | JUDGE PHILIP MARTINEZ |
| § | |
| v. § | No._____ |
| § | |
| KINGSAIRE, INC. d/b/a KINGS § | |
| AIRE, INC., § | EP09CV0431 |
| § | |
| Defendant. § | |

## NOTICE OF REMOVAL

Defendant KINGS AIRE, INC. ("Defendant") files this Notice of Removal, removing Cause No. 2009-4709 from the 327th Judicial District Court, El Paso County, Texas to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. The grounds for removal are as follows:

### PROCEDURAL BACKGROUND

1. On October 28, 2009, Plaintiff Jorge Melendez ("Plaintiff") filed his Original Petition against Defendant in the 327th Judicial District Court, El Paso County, Texas styled, *Jorge Melendez v. Kingsaire, Inc. d/b/a Kings Aire, Inc.*, Cause No. 2009-4709. Plaintiff is suing Defendant, his former employer under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, as well as under state law for wrongful termination.

2. Defendant was served with Plaintiff's Original Petition on November 5, 2009 and timely filed its Original Answer in state court on November 30, 2009. This removal is timely filed within 30 days of receipt of Plaintiff's Original Petition. True and correct copies of all pleadings filed in state court are attached hereto.

## FEDERAL QUESTION JURISDICTION

3. In his Original Petition, Plaintiff alleges a cause of action against Defendant for retaliation in violation of the FMLA. Because Plaintiff's FMLA claim arises under the laws of the United States, this Court has original jurisdiction under 28 U.S.C. § 1331, and removal is proper pursuant to 28 U.S.C. § 1441(a).[1]

## PROPER VENUE AND COMPLIANCE WITH REMOVAL PROCEDURE

4. Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as the district and division embracing the place where the state action is pending.

5. Defendant will promptly give adverse parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d). Defendant will also promptly file a copy of this Notice of Removal with the Clerk of the 327th Judicial District Court, El Paso County, Texas, where the action is currently pending, also pursuant to 28 U.S.C. § 1446(d).

6. True and correct copies of all process, pleadings, and the orders served upon Defendant in the state court action are being filed with this notice as required by 28 U.S.C. § 1446(a) and attached hereto.

7. Pursuant to 28 U.S.C. § 1446(b), this Notice Removal is filed within thirty (30) days after service of the initial pleading setting forth a removable claim and within one (1) year from the commencement of this lawsuit.

Accordingly, Defendant KINGS AIRE, INC. pursuant to these statutes and in conformance

---

[1] This Court may also exercise supplemental jurisdiction over Plaintiff's remaining claims as the Petition makes clear that those claims are related to the FMLA claim. *See* 28 U.S.C. § 1367.

with the requirements set forth in 28 U.S.C. § 1446, removes the case styled *Jorge Melendez v. Kingsaire, Inc. d/b/a Kings Aire, Inc.*, Cause No. 2009-4709, from the 327th Judicial District Court, El Paso County, Texas on this 3 day of December, 2009.

                                      Respectfully submitted,

                                      KEMP SMITH LLP
                                      P.O. Box 2800
                                      El Paso, Texas  79999-2800
                                      (915) 533-4424
                                      (915) 546-5360  (FAX)

By: _____
                                      CLARA B. BURNS
                                      State Bar No. 03443600

                                      Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was mailed by certified mail, return receipt requested, to Don W. Minton, Attorney for Plaintiff, 501 N. Kansas, Suite 102, El Paso, Texas 79901, this 3 day of December, 2009.

                                      _____
                                      CLARA B. BURNS

# Civil Docket
### 327th District Court

Case No. 2009-4709  
El Paso County

November 23rd, 2009  
11:39am

**MELENDEZ, JORGE vs. KINGSAIRE, INC.**

Filed : 10/28/2009  
Status: Filed  
Type: WRONGFUL TERMINATION

Judge  
  LINDA CHEW

Court Reporter

| Date | Events & Orders of the Court | Volume | Page |
|---|---|---|---|
| 10/28/09 | PLN ORIGI PETI | | |
| 10/29/09 | CITATION BY AGENT Issued -Defendant, KINGSAIRE, INC. | | |
| 11/05/09 | CITATION RETURNED<br>KINGSAIRE INC SERVED 11/05/09/ MO | | |
| 11/05/09 | CITATION BY AGENT Served - KINGSAIRE, INC. - Answer due: 11/30/09 - 11/05/09 | | |

Page 1

IN THE DISTRICT COURT OF EL PASO COUNTY TEXAS
_____327_____ JUDICIAL DISTRICT



| | |
|---|---|
| JORGE MELENDEZ § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | No. 2009-4709 |
| § | |
| KINGSAIRE, INC., dba KINGS AIRE, INC. § | |
| § | |
| Defendant. § | |
| § | |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW JORGE MELENDEZ and files this pleading and would respectfully show the Court as follows:

**I. Discovery Level.**

Plaintiff affirmatively pleads that Level 2 Discovery is appropriate under this suit under Texas Rule of Civil Procedure Rule 190.3.

**II. Parties, Service of Citation and Venue.**

Plaintiff is an individual who resides in El Paso County, Texas.

Kingsaire, Inc. is a Texas Corporation whose principal place of business is located in El Paso, Texas. It may be served through its registered agent, Armando Reyes at 1035 Kessler Drive, El Paso, Texas 79907.

Kingsaire, Inc. conducts business under the name Kings Aire, Inc. However, no assumed name certificate exists to authorize this practice either with the Texas Secretary of State or the El Paso County Clerk. Pursuant to Tex. Bus. & Comm. Code §

71.201(b), Plaintiff asserts that Defendant has failed to comply, and requests that the court award Plaintiff expenses incurred, including attorney's fees, in locating and effecting service of process on this Defendant.

Throughout this Petition, all references to Kings Aire shall refer to Defendant Kingsaire, Inc.

Venue is proper in El Paso County, Texas because all or substantially all of the acts upon which this lawsuit is based occurred within El Paso County, Texas.

### III. Factual Background.

Plaintiff was employed by Defendant Kings Aire. During the course of his employment, Plaintiff insisted on performing his work in compliance with the municipal code. Oftentimes, his insistence on complying with the municipal code resulted in tensions between him and his supervisors. On more than one occasion, Plaintiff was asked to install electrical systems in an illegal manner, to wit: not in conformity with the municipal code. On each of these occasions, Plaintiff refused to perform the illegal act.

On or about July 2, 2009, Plaintiff was severely injured while working for Defendant. In the process of taking down a light fixture, Plaintiff tore two tendons and a nerve in his wrist. He was taken to the hospital where the doctor used 40 stitches to close Plaintiff's wrist wound. Plaintiff was required to return to the hospital for follow-ups and would need to go to a wrist and nerve therapist.

After being injured, Plaintiff filed a workers' compensation claim and began receiving Temporary Income Benefits. Without cause, Defendant immediately asked Plaintiff to turn in his uniforms – within weeks of Plaintiff's injury. In addition,

Defendant sent Plaintiff a letter informing him that he was under the Family Medical Leave Act "pursuant to his request." However, Plaintiff had not requested to be put on family medical leave act. On or about September 28, 2009, well before the completion of his family medical leave, Plaintiff received a letter from Defendant informing Plaintiff that he was terminated.

### IV. Cause of Action for Wrongful Termination.

Plaintiff reincorporates by reference each of the allegations listed above. Plaintiff asserts that Defendant is liable to Plaintiff for wrongful termination.

Defendant wrongfully terminated Plaintiff in violation of Texas Labor Code Section 451. Defendant wrongfully discharged Plaintiff because Plaintiff filed a workers' compensation claim in good faith.

Accordingly, Defendant is liable to Plaintiff for wrongful termination. Plaintiff is entitled to remedies under Labor Code section 451.002. Plaintiff respectfully requests that he have judgment against Defendant in excess of $624,000 for actual damages, as well as prejudgment interest, post-judgment interest and attorney's fees.

### V. Cause of Action for Violation of the Family Medical Leave Act.

Plaintiff reincorporates by reference each of the allegations listed above. In the alternative, and without waiving the foregoing, Plaintiff asserts that Defendant is liable to Plaintiff for violating the Family Medical Leave Act (FMLA).

Defendant violated the FMLA because Plaintiff was protected under the FMLA, Plaintiff suffered an adverse employment action, and Defendant either treated Plaintiff less favorably than an employee who had not requested leave under the FMLA or

Defendant made the adverse decision because Plaintiff sought protection under the FMLA.

Defendant's breach has damaged Plaintiff in the amount of $624,000, plus incidental and consequential damages. Plaintiff reserves the right to choose his measure of recovery at trial of this matter.

### VI. Cause of Action for Breach of Employment Contract.

Plaintiff reincorporates by reference each of the allegations listed above. In the alternative, and without waiving the foregoing, Plaintiff asserts that Defendant is liable to Plaintiff for breach of contract. Plaintiff asserts that a valid and binding contract existed between Plaintiff and the Defendants for Defendant to pay certain sums upon Plaintiff taking certain actions. The terms of the contract are set out in the Kings Aire, Inc. *Personnel Policies and Procedures*, prepared by Defendant. Despite the fact that the Plaintiff has performed each of his obligations under the contract, Defendant has materially breached the contract by failing to pay Plaintiff the amount due on the contract and by impermissibly terminating the contract prior to its conclusion.

Defendant's breach has damaged Plaintiff in the amount of $624,000, plus incidental and consequential damages. Plaintiff reserves the right to choose his measure of recovery at trial of this matter.

In addition, Defendant's breach makes him liable for additional amounts for attorney's fees, costs, and pre-judgment interest, in amounts within the jurisdiction of this Court and to be proven at trial. Plaintiff seeks judgment for each of these amounts.

Plaintiff has performed all actions necessary and all conditions precedent have been met which allow Plaintiff to seek recovery in suit for the above-mentioned amounts under a claim of breach of contract.

### VII. Cause of Action for Sabine Pilot Doctrine.

Plaintiff reincorporates by reference each of the allegations listed above. In the alternative, and without waiving the foregoing, Plaintiff asserts that Defendant is liable to Plaintiff under the Sabine Pilot Doctrine. Plaintiff asserts that he was terminated because he refused to commit an illegal act, which his employer had requested him to complete.

Defendant's violation has damaged Plaintiff in the amount of $624,000, plus incidental and consequential damages. Plaintiff reserves the right to choose his measure of recovery at trial of this matter.

### VIII. Request for Attorney's Fees.

Plaintiff reincorporates by referenced each of the allegations listed above. Plaintiff asserts that it is entitled to collect its reasonable and necessary attorney's fees in this action under TEX. CIV. PRAC. & REM. CODE § 38.001. Plaintiff has performed all acts necessary and all conditions precedent have been met to allow Plaintiff to recover his attorney's fees and costs in an amount to be proven at trial.

### IX. Request for Exemplary Damages.

Plaintiff reincorporates by reference all the factual allegations made above. Plaintiff asserts that the harm with respect to which she seeks recovery results from fraud or malice, as that term is defined in TEX. CIV. PRAC. & REM. CODE § 41.001(7). As

such, Plaintiff seeks to impose liability against all Defendants for exemplary damages of twice the economic damages, for exemplary damages of $1,248,000 pursuant to TEX. CIV. PRAC. & REM. CODE § 41.008(b)(1)(A).

In the alternative and without waiving the foregoing, Plaintiff seeks the avoidance of any limitation of recovery under TEX. CIV. PRAC. & REM. CODE § 41.008(c).

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that Defendant be cited to appear and answer and that upon final hearing, Plaintiff have judgment against Defendant for economic damages in the amount of $624,000 plus $1,248,000 in exemplary damages, plus interest before and after judgment as provided by law, attorney's fees in an amount to be proven at trial, and such other and further relief to which Plaintiff is justly entitled.

Respectfully submitted,

THE MINTON LAW FIRM,
   A PROFESSIONAL CORPORATION
501 N. Kansas, Suite 102
El Paso, Texas 79901
(915) 231-1810
(915) 875-1859 Fax

By: Don W. Minton
State Bar No. 24004817
Julie Sammer
State Bar No. 24056259
Attorneys For Plaintiff

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:  **KINGSAIRE, INC., DBA KINGS AIRE, INC.** who may be served with process by serving its registered agent Armando Reyes, 1035 Kessler Dr., El Paso, Tx 79907 or wherever he/she may be found.

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **327th District Court**, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on 10/28/2009, by Attorney at Law MINTON, DON W, 501 N KANSAS #102, EL PASO TX 79901, in this case numbered **2009-4709** on the docket of said court, and styled:

**MELENDEZ, JORGE vs. KINGSAIRE, INC.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, this 29th day of October, 2009.

CLERK OF THE COURT

GILBERT SANCHEZ, District Clerk
Rm. 103 COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901

Attest: _____GILBERT SANCHEZ_____ District Clerk
El Paso County, Texas

(SEAL)

By _____, Deputy
Jose Luis Lujan

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

DISTRICT CLERK 17                                                                10/29/2009 10:34 AM by user Jose Luis Lujan

## RETURN

Came on hand on _30th_ day of _October_____, 20_09_, at _11_ o'clock _2_ M., and executed in _El Paso_____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the Plaintiff's Original Petition, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|------|------|---|---|------|---|---|-----|
| | MONTH | DAY | YEAR | Hour | Min. | .M. | |
| Armando Reyes | November | 5 | 2009 | 11 | 25 | p.m. | Carl's Jr. 1120 Airport Rd El Paso, Texas |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

the diligence used in finding said defendant, being _____

and the cause of failure to execute this process is: _____

and the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING ____ cop ____ $ _____    _____ Sheriff

                                          _____ County, Texas

Total _____ $ _40_ By _H.H. Shirley Raymond_, ~~Deputy~~
                          _Texas Authorized Process Server_ _225_

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _Armando Reyes_____,
_Carl's Jr. 1120 Airport Rd_____ on the _5_ day of _November_____,
_El Paso, TX_
20____, at ____ o'clock ___ m. this copy of this instrument.

                                          _____, Sheriff/Agent
                                          _____ County, Texas
                          By _H.H. Shirley Raymond_____, Deputy/Agent
                          _Authorized Texas Process Server_

SUBSCRIBED AND SWORN TO BEFORE ME ON THE _5th_ DAY OF _November_____, 200_9_

[SEAL: MICHELLE L. GONZALEZ, Notary Public, State of Texas, My Commission Expires December 04, 2012]

NOTARY PUBLIC, STATE OF TEXAS

[Filed stamp: GILBERT SANCHEZ DISTRICT CLERK, 2009 NOV 25 PM 5:16, EL PASO COUNTY, TEXAS, BY _____ DEPUTY]